ALBERT UHL, plaintiff in error, *v.* THE PEOPLE, defendants in error.

On a trial for murder, the court charged the jury that if they found that the prisoner was justified in defending himself, and carried that protection further than was necessary for his defense, then he was guilty of manslaughter in some one of the four degrees. This, being unexplained by any other part of the charge, was held to be erroneous, inasmuch as it denied to the prisoner the right the law gave him to slay his assailant, if he was attacked under such circumstances as furnished him reasonable ground for apprehending a design to take his life, or to do him some great personal injury.

THE plaintiff in error was tried in the New York General Sessions in December, 1861, for the murder of one Lee, on

the 5th of August of that year. The prisoner was barkeeper for Louis Bleyart, at a liquor store kept by him on the corner of West and Morris streets, in the city of New York. The deceased, in company with several others, came to Bleyart's place, and had several glasses of liquor, when a difficulty arose in regard to paying for them. During the fracas the prisoner struck one of the party with a club; after this the deceased seized a large pewter pitcher, filled with water and ice, and was in the act of striking the prisoner with it, when the latter drew a pistol and shot the deceased, who soon after died.

It was proved on the trial that the pitcher was a deadly weapon.

It was contended that the prisoner acted in self defense, and that the homicide of the deceased was justifiable.

Among other things, the court below charged the jury that if they found that the prisoner was justified in defending himself, and carried that protection farther than was necessary for his defense, then he is guilty of manslaughter in some of the four degrees.

To this the prisoner's counsel excepted.

The prisoner was found guilty, and after judgment a writ of error was brought to remove the record to this court.

*Henry L. Clinton,* for the plaintiff in error.

The court below erred in charging, "If you (the jury) find that the prisoner was justified in defending himself, and carried that protection further than was necessary for his defense, then he is guilty of manslaughter in some of the four degrees."

*William Kelly,* a witness for the prosecution, testified that "Lee (deceased) went over to the bar, and was in the act of taking the pitcher, *and hitting defendant, when defendant shot him.*"

Another *William Kelly,* also a witness for the prosecution, testified that he was an eye witness to the homicide, and that " to the best of my (his) opinion, he (deceased) 'hove' the pitcher."

It should be borne in mind that the principal ground of defense was, that the homicide was justifiable, inasmuch as the prisoner had reasonable ground to believe himself in danger of · loss of life, or, in the language of the statute, "of great personal injury." (3 *R. S.*, 939, § 3, *sub.* 2, *5th ed.*) The prisoner was assailed by the deceased with a deadly weapon. Dr. Morton testified that the pitcher was a deadly weapon, and "it would be likely to kill."

In *Shorter* v. *The People* (2 *Comst.*, 193), it was held by the Court of Appeals, that where one is assailed under such circumstances as to furnish him reasonable ground for apprehending a design to take away his life, or do him some great bodily harm, the law gives the party assailed the right, in his own defense, to slay his assailant, even though, in the language of Justice BRONSON (*p.* 197), "it may afterwards turn out that the appearances were false, and there was, *in fact*, neither design to do him serious injury, nor danger that it would be done."

This doctrine was reaffirmed by the Court of Appeals, in the case of *The People* v. *Sullivan* (3 *Seld. R.*, 396). The court, per JOHNSON, J., say : " It was contended on the argument that this charge required the jury to find whether imminent danger *actually* existed, and not merely whether Sullivan *had reasonable ground* to believe that it existed. If this construction of the charge was correct, the case of *Shorter* v. *The People* (2 *Comst. R.*, 197), *would show it to be erroneous ;* but we do not so understand the charge."

It will be perceived that the test is, whether the prisoner " *had reasonable ground to believe* " himself in danger of great bodily harm, or loss of life, and not whether such " danger *actually* existed."

The charge of the city judge, in the case at bar, was directly in violation of the two decisions of the Court of Appeals above cited. The city judge charged, that if the prisoner " carried that protection (self defense) *farther than was necessary* for his defense, then he is (was) guilty of manslaughter," thus charging that unless the danger " *actually* " existed, the prisoner should

Uhl *v.* The People.

be deprived of his defense, which, if sustained by the evidence (and that was a question of fact for the jury), would entitle him to an acquittal.

*A. Oakey Hall* (District Attorney), for defendants in error.

The theory of the defense being that the homicide was committed in self defense, the charges of the judge conformed to the law relating to justifiable homicide, as established by the Court of Appeals. (*People* v. *Shorter*, 2 *N. Y. R.* [2 *Comst.*], 193; *Whart. Cr. L.*, §§ 1020, 1021.)

*By the Court,* CLERKE, J. The exceptions taken by the prisoner's counsel to the evidence are untenable; but I think the exception to the judge's charge is well taken. The language of the charge is: "If you (the jury) find that the prisoner was justified in defending himself, and carried that protection further than was necessary for his defense, then he is guilty of manslaughter in some (meaning some one) of the four degrees." This is a positive and unqualified instruction to the jury on a relevant and important point. I do not find it limited, qualified or explained in any other part of the charge. It tells the jury, in substance, that they have to determine whether, at the time of the fatal blow, the prisoner carried the means of defending himself further than was necessary for his defense. But this is not the question for the jury, but whether the prisoner was assailed under such circumstances as to furnish him reasonable ground for apprehending a design to take away his life. (*See Shorter* v. *The People*, 2 *Comst. R.*, 193.) The question, I repeat, is, whether the prisoner had reasonable ground to believe himself in danger of great bodily harm or loss of life, and not whether such danger actually existed.

The judgment should be reversed, and a new trial ordered.

BARNARD, J., dissented.

Judgment reversed, and new trial ordered.